FRANCIS C. ROZIER, ASSIGNEE OF THE STATE OF MISSOURI, Respondent, *v.* ST. FRANÇOIS COUNTY, Appellant.

*Road and Canal Fund—Agent—Bond—Assignment.*—By the general law, R. C. 1855, p. 1363, the County Courts have no authority to apply any part of the road and canal fund to the purchase of a plank road already made by a corporation or individuals; it can apply the fund only to the construction and improvement of roads, bridges, or canals, and to no other object. Where the County Court assigned a bond, appearing upon its face to have been given for money borrowed of the road and canal fund in payment of an interest purchased in a plank road, the court exceeded its powers as an agent or trustee of said fund, and it was the duty of the assignee to see that the agent acted within its powers.

*Appeal from St. François Circuit Court.*

*Glover & Shepley, Carter,* and *Bush,* for appellant.

I. There was no power in the County Court to assign the bond. The County Court, it will be admitted, had no general power of disposition over the bond. Its powers of disposition were such only as were given by law. The only powers given by law over this bond to the County Court, are those contained in an act concerning "the road and canal fund," (R. C. 1855, p. 1363,) and the act to authorize the County Court of St. François County to borrow the road

and canal fund of said county," approved March 3, 1849. (Sess. Acts 1849, p. 576.) Neither of these can be possibly so construed as to authorize the County Court to sell or assign this bond to anybody. The power of preservation, which belongs inherently to every trust, required the keeping, collecting, and general taking care of the fund.

Section 10 of the act concerning the road and canal fund authorizes the application of said fund to the construction and improvement of roads, bridges, and canals, *and to no other object*. Certainly this grant of power does not include the purchase of a road, and, therefore, the assignment of the bond by the County Court in purchasing the plank road was without authority and void.

II. The court could not, under the special provisions of the act of January 10, 1860, purchase the road without complying with its terms. An election was a precedent condition to the power to purchase. When the court assigned the bond there was, for want of this election, no power to act. If there was no purchase made, there was no debt to pay, and no power to assign.

III. The County Court had no power to give away the bond in question, and the payment to Mr. Rozier will not protect the county from paying again if sued by the State, who is the lawful owner of the bond.

*Bogy* and *Beal*, for respondent.

I. The County Court had full power and authority to assign the note for value. (See act entitled " Road and canal fund," R. C. 1855, § 7, 10, 11, 13, 14.) The County Court is invested by this act with the entire control of the road and canal fund : to loan the money out, receive the interest, and appropriate the same, or such part, as in their discretion they may think proper to the objects prescribed in the law. And for a misapplication of this they are personally responble. (Sec. 11, all bonds and notes are made assignable by law—R. C. 1855, p. 320, § 2.) The bond sued on could only be assigned by the County Court.

II. No vote of the voters of the county was necessary to be first taken to enable the County Court to appropriate the road and canal fund to the objects prescribed by the general law on this subject, in revised code above referred to.

The court had full power over the funds under that law. There is no allegation in the answer that the court undertook to proceed under the law of January 10, 1860, by which a vote was required. The action was under the law of 1855, to which reference has been made. They had power under the general law to unite their funds with those of Ste. Genevieve county, (and as a natural consequence to those of individuals,) for the purposes contemplated by the general law. (R. C. 1855, " Road and canal fund," § 13.) In an action between the assignee and maker, the consideration given for the note by the assignee is immaterial. (11 Mo. 614 ; R. C. 1855, p. 1217 ; 28 Mo. 180, 598 ; 29 Mo. 202.) The plaintiff alleges and the answer admits that the plaintiff came by the note fairly, and claims to be, and is the owner. (30 Mo. 142.)

The note on which this suit was brought is for and is the representative of the road and canal fund to the amount due thereon when the court transferred it to the plaintiff. The court had the same right to appropriate it as money, or in lieu of money, that they had to appropriate so much money to the improvement of roads, &c. The county owes the note. That is admitted by the answer. Does defendant owe it to the State to the use of the road and canal fund, or does she owe it to the holder ? In either case the defence set up is not good ; they are independent transactions, and do not attach to the particular note, and do not control, qualify, or extinguish the rights arising therein. (Sto. Prom. Notes 578 ; 33 Mo. 161 ; 2 Pars. Notes & Bills, 45.)

BATES, Judge, delivered the opinion of the court.

The petition stated that the county, by authority of an act of the General Assembly, had by its bond promised to pay to the State of Missouri for the use of the road and canal fund

26—VOL. XXXIV.

in said county $2,000, upon which bond two payments had
been made, and that afterwards (and after the maturity of the
bond) the County Court of said county, " who held the said
note for the use of the road and canal fund of said county,
and was invested by law with the control and management
of the same, for value received and assigned, and transferred
the said bond to the plaintiff by order of the said court, and
by the endorsements of the presiding justice of the said
court in writing on said bond," and prayed judgment for
the remainder of said bond and interest.

The defendant's answer, among other things, denied that
the County Court was the legal holder of said bond, or had
the management, care or control of the same, or any power
to dispose of it, or to transfer or assign it to the plaintiff, and
averred that the pretended transfer was without authority of
law and a nullity.

The answer further stated that the defendant undertook to
purchase an interest in a plank road in the county, and in
part payment therefor undertook to transfer and assign the
bond ; and denies that the court had any power to do so
without the consent of a majority of the qualified voters of
the county, and averred that the act of the General Assembly
(of January 10, 1860) empowering said county to purchase
an interest in said road, requires that said court first submit
the question of such purchase to the legal voters of said
county, and obtain their consent to such purchase, and de-
nies that said court submitted the question of the purchase
of the aforesaid interest in said road to the qualified voters
of said county, or ever obtained their consent to the pur-
chase at any election held for that purpose, as the act re-
quired.   The answer also denied that the defendant received
any sufficient consideration for the assignment of the bond,
and also offered to deliver up all that the defendant had re-
ceived for the transfer, and prayed that the plaintiff should
be required to return the bond to the defendant.

Upon motion of the plaintiff, judgment was given on the
answer for the plaintiff, and the defendant appealed to this

Rozier v. St. François County.

court.   It is evident that the court below did not regard the assignment of the bond as made under the special act which authorized the purchase of the plank road, and therefore disregarded the allegations of the answer in respect to the want of an election required by the act.   Those allegations set up a defence which should have been regarded if the special act alone was the authority for the assignment; and if there was no other authority for the assignment, it was error to give judgment upon the answer which contained those allegations.

It is contended here by the respondent, that the general law in respect to the road and canal fund gave to the County Court the authority to make the assignment.   We think it unnecessary for the purposes of this case to give any opinion upon the question whether the County Court has power to assign the bond of a borrower of the road and canal fund ; but conceding the power of the County Court over the bond to be the same which it would have had over a sum of money belonging to the same fund, we are of opinion that it had (by the general law) no power to appropriate any part of the fund to the purchase of the plank road.

The law authorizes the County Court to apply the fund "to the construction and improvement of roads, bridges, or canals, and to no other object."   This language is clear and explicit, and the answer shows an attempt to apply it to a different purpose than any authorized by the law, that is, the purchase of a road.   It might well be for public advantage that the road should be purchased by the county, but of that we are not required to judge.   The plaintiff, in procuring the assignment of the bond (which appeared on its face to be a part of the road and canal fund), treated with an agent created by law, and whose powers and duties were defined by law, and it was therefore his duty to see that the agent acted within its powers, and he can claim no advantage as an innocent assignee for value.

Judgment reversed and cause remanded.   Judges Bay and Dryden concur.